IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Quentin J. Holt, #268198 ) | Civil Action No. 6:15-4865-TMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Bryan Stirling and Leroy Cartledge, ) | |
| ) | |
| Respondents. ) | |

The petitioner, a state prisoner who is represented by counsel, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

The petitioner is currently confined at McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC"). He was indicted by a Georgetown County Grand Jury in February 2010 on two counts of distribution of cocaine base, third drug offense (Indictment Nos. 2010-GS-22-179 and 2010-GS-22-181). The petitioner was represented by Cesar E. McKnight. On September 20-22, 2010, a jury trial was held before the Honorable Benjamin H. Culbertson, Circuit Court Judge ("trial/sentencing court"). The jury found the petitioner guilty as charged. On each charge, Judge Culbertson sentenced the petitioner to concurrent terms of confinement for a period of 25 years or a fine of $50,000 (app. 284).

***Underlying Case Facts***[1]

On June 17, 2009, and June 20, 2009, the petitioner sold a quantity of crack cocaine to a confidential informant ("CI") working for the Georgetown County Sheriff's Office. Deputy Reginald Grant was the officer in charge of the investigation.  On each occasion, the CI was searched to make sure there were no drugs on him, given cash to make the purchase, and searched again upon his return from the petitioner's residence. On each occasion, Deputy Grant personally watched the informant walk toward the petitioner's residence and turn a corner headed toward petitioner's residence and then observed the informant return from the petitioner's residence in the same fashion after purchasing the crack cocaine. The crack cocaine was immediately recovered and eventually sent to the State Law Enforcement Division ("SLED") and tested, and was confirmed as crack cocaine. Each transaction was audio recorded, and the audio recording of each transaction was played for the jury.  The CI also testified at trial and identified the petitioner as the person from whom he purchased the crack cocaine on each  occasion. The CI had known the petitioner for approximately ten years.  The petitioner was previously convicted in 2000 of distribution of cocaine and in 2007 of possession of powder cocaine, second drug offense.  The petitioner was on probation for the second drug charge at the time he committed these offenses (app. 63-68, 69, 70-73, 98-100, 112-18, 166, 195-96, 213, 218, 281-82).

***Direct Appeal***

The petitioner filed a timely notice of appeal, and Tristan M. Shaffer of the South Carolina Office of Appellate Defense perfected the appeal raising the following issue:

> When an "expert" opinion that a substance is crack cocaine was based solely on the results of a gas chromatography mass spectroscopy instrument, should the "expert" have been allowed to give an opinion if she could not testify to the instrument's reliability?

---

[1]The following facts are taken from the transcript of the petitioner's jury trial.

2

(Doc. 17-2, p. 4). The State filed a responsive brief (doc. 17-3). On April 25, 2012, the

Court of Appeals affirmed the convictions and sentences in an unpublished opinion. *State*

*v. Holt*, Op No. 2012-UP-253 (S.C. Ct. App. 2012). The opinion stated as follows:

> PER CURIAM: Quentin Holt appeals his convictions of two counts of distribution of crack cocaine, arguing the trial court erred in admitting expert testimony because the instrument used in forming the expert's opinion was unreliable. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 702, SCRE ("if scientific, technical, or other specialized knowledge will assist the trier of factor to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."); *State v. White*, 382 S.C. 265, 269, 676 S.E.2d 684, 686 (2009) ("A trial court's decision to admit or exclude expert testimony will not be reversed absent a prejudicial abuse of discretion."); id. at 270, 676 S.E.2d at 686 ("All expert testimony must satisfy the Rule 702 criteria, and that includes the trial court's gatekeeping function in ensuring the proposed expert testimony meets a reliability threshold of the jury's ultimate consideration."); *State v. Jones*, 343 S.C. 562, 572, 541 S.E.2d 813, 818 (2001)(holding scientific evidence is admissible under Rule 702, SCRE, if the trial court determines the underlying science is reliable after applying the factors set forth in *State v. Jones*, 273 S.C. 723, 259 S.E.2d 120 (1979)); *Jones*, 343 S.C. at 573, 541 S.E.2d at 819 (holding one of the *Jones* reliability factors taken into consideration is the quality control procedures used to ensure reliability).

(Doc. 17-4). A petition for rehearing was not filed. The remittitur was issued on May 15,

2012 (doc. 17-5).

***PCR***

On July 11, 2012, the petitioner filed an application for post-conviction relief

("PCR") (2012-CP-22-735) (app. 311). The respondent made its return on or about October

8, 2012 (app. 324-27). In his first amendment to his application, the petitioner raised the

following issues:

(1) [H]is convictions …Were Constructive Amended.

3

(2) [T]he Chain of Custody Link have been broken.

(3) [T]he Trial Court was without any jurisdiction to entertain indictment(s) of an greater sentence/offense.

(4) "Applicant was denied effective assistance of Trial Counsel.

(5) [T]here was no chain of custody … from (C.I.) to Deputy Grant.

(6) Applicant was denied discovery of Grand Jury Impanelment Documents.

(7) Prosecutorial Misconduct, where Trial Counsel was ineffective for failing to object to the Solicitor's Closing Arguments.

(8). Denial of sixth Amendment to the United States Constitution.

(App. 332-33).

The petitioner also presented the following questions:

(1) Whether or not Trial Court lacked jurisdiction of the Distribution of Cocaine Third, Two Counts?

(2) Whether or not Applicant's convictions and sentence violated double jeopardy?

(3) Whether the State proved beyond a reasonable doubt with each and every element of the crime(s) charged?

(4) Whether or not the Applicant's due process of law/equal protection of the law were violated?

(5) Whether the State produced chain of custody?

(6) Was Applicant denied discovery of grand jury impanelment documents?

(7) Whether Erin Bailey constructivally amended Applicant indictments?

(8) Whether the Court denied Applicant his Sixth Amendment right to Counsel at his revocation hearing?

(App. 333-34).

4

In his second amendment, the petitioner alleged:

1.  Counsel was ineffective by his failure to do reasonable investigation and move to suppress communications that was unlawfully intercepted…

2.  Appellate counsel was ineffective by failing to raise amending the indictments before the South Carolina Appellate Court.

(App. 352-55).

The respondent made a return on October 8, 2012, and an amended return on or about August 20, 2013 (app. 324-27, 357-61).  An evidentiary hearing was held before the Honorable J. Cordell Maddox, Jr., on August 29, 2013 (app. 363-96).  The petitioner was present and represented by Charles T. Brooks, III. Joshua L. Thomas of the South Carolina Attorney General's Office represented the respondent.

At the PCR hearing, the petitioner proceeded on only the allegations of ineffective assistance of trial counsel for failure to challenge the indictments, failure to challenge the introduction of a recording, failure to advise, and failure to investigate. He also alleged he received an illegal sentence because Judge Culbertson sentenced him to imprisonment *OR* a fine, whereas the statute requires imprisonment *AND* a fine.

The petitioner testified on his own behalf at the PCR hearing.  The petitioner's trial counsel, Cezar E. McKnight also testified.  On January 30, 2014, the PCR court issued its order of dismissal denying and dismissing the PCR application with prejudice (app. 398-405).  The order was filed with the Georgetown County Clerk of Court on February 21, 2014.

### PCR Appeal

On September 8, 2014, the petitioner appealed from the denial of his PCR application by way of a *Johnson* petition for writ of certiorari to the South Carolina Supreme Court.  The petitioner was represented in the appeal by Lara M. Caudy of the South

Carolina Office of Appellate Defense.  In the *Johnson* petition, the petitioner raised the following issue:

> Whether Petitioner's Sixth and Fourteenth Amendment rights to the effective assistance counsel were violated when trial counsel failed to properly object to the state's motion to amend the indictments to change the dates of the alleged cocaine sales since Petitioner testified he prepared his defense based on the original indictments?

(Doc. 17-6, p. 2).  Collateral appellate counsel certified to the Supreme Court the appeal was without merit and asked to be relieved as counsel (*id.*, p. 9).  The petitioner filed a *pro se* petition for writ of certiorari on October 21, 2014 (doc. 17-7) and raised the following issues:

> 1.  Whether counsel was ineffective during the sentencing phase of the trial by his failure to object or file motions to correct the unlawful sentence imposed by this Court.
>
> 2.  The court of General Sessions was without jurisdiction for a violation of a third offense of that statute.

(Doc. 17-7, p. 2).  On December 10, 2014, the South Carolina Supreme Court denied the petition for writ of certiorari and granted collateral appellate counsel's request to be relieved (doc. 17-8).  The remittitur was issued on December 30, 2014 (doc. 17-9) and was filed in the Georgetown County Clerk of Court's Office on January 5, 2015 (doc. 23-1).

### *Second PCR*

The petitioner filed a second PCR application on April 4, 2014 (2014-CP-22-0303) and an amendment on May 29, 2014, alleging the following grounds for relief:

> 1. Ineffective assistance of probation revocation counsel:
> a.  Counsel failed to file motions because the Judge failed to pronounce a sentence from the bench and failed to object to a consecutive sentence.
>
> 2. Counsel was ineffective during the sentencing phase of the trial for his failure to object or file motions that the State

6

> presented evidence which convicts under a different theory than alleged which violates principals of due process because the State has failed to prove beyond a reasonable doubt every fact necessary to constitute the crime which was charged and sentence.

(Doc. 17-10, p. 3; doc. 17-11, p. 1).

The State made its return, requesting this application be summarily dismissed (doc. 17-12). On April 8, 2015, the Honorable Steven H. John, Circuit Court Judge ("the second PCR court"), issued a conditional order of dismissal denying and dismissing the second PCR application as improperly successive and in violation of the South Carolina statute of limitations for state PCR applications. The conditional order of dismissal was filed with the Georgetown County Clerk of Court on April 15, 2015 (doc. 17-13). The petitioner failed to respond to the conditional order of dismissal. The second PCR court then issued a final order of dismissal on June 15, 2015, which was filed on June 25, 2015 (doc. 17-15). The petitioner did not appeal from the dismissal of his second PCR application.

## FEDERAL PETITION

In his federal petition and memorandum in support, filed through counsel on December 9, 2015 (docs. 1, 3), the petitioner makes the following claims:

> **Ground One**: The evidence adduced at trial was insufficient to support the Petitioner's convictions for distribution of drugs, in violation of his rights to federal due process.
>
> Supporting facts: Petitioner's conviction is unconstitutional under the United States Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307 (1979). The relevant question for this Court is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. at 319. . . .
>
> **Ground Two**: The Solicitor's improper closing argument rendered Petitioner's trial fundamentally unfair when she improperly bolstered the testimony of Joe Nathan Lewis and trial counsel rendered ineffective assistance of counsel by failing to object to it.

7

Supporting facts: Trial counsel rendered ineffective assistance of counsel when he failed to object to the Solicitor's closing statement that improperly vouched for the credibility of Joe Nathan Lewis. The Solicitor argued to the jury:

> You heard Deputy Grant tell you that he worked with Joe Lewis in 20 to 30 separate drug busts, that every time Joe Lewis was reliable. Every time he said he was going to do what he said he was going to do. He didn't steal from them. He showed up when he said he was going to show up and he was a reliable confidential informant. That's the way these drug operations work cause you use confidential informants….

(App. 246).

Trial counsel's failure to object to this clearly improper bolstering was unreasonable, and petitioner was prejudiced by his substandard performance. *Strickland v. Washington*, 466 U.S. 668 (1984)….

**Ground Three**: The Solicitor's improper remarks on Petitioner's post-arrest silence rendered his trial fundamentally unfair, and trial counsel rendered ineffective assistance when he failed to object to it.

Supporting facts: During her cross-examination of petitioner, the Solicitor also improperly remarked on petitioner's post-arrest silence. Regarding the time card establishing his alibi on the dates of these purported drug sales, she asked:

> Q: Okay, and you are the one who punched in that time card; is that correct?
> A: Yes, ma'am.
> Q: All right, did you ever provide that time card before today?
> A: No, ma'am.
> Q: This case has been pending for a year and a half; is that correct?
> A: About, I think about a year.
> Q: Okay, this case has been pending for a year?
> A: Yes, ma'am.
> Q: You've come to roll call several times?
> A: Uh-huh.

Q: Through your attorney you've communicated
with the state but you've never told us before
today that you had an alibi?
A: I was never asked.
Q: And you have proof is what you say, you say
you have proof of an alibi but you've never
provided that before today?
A: Uh-huh.

(App. 218-19). . . .

**Ground Four**: The State violated Petitioner's right to due
process when it failed to disclose *Brady* evidence to trial
counsel and that would have undermined the verdict.

Supporting facts: The State failed to disclose Officer Reginald
Grant's troubled history to trial counsel and it should have. In
2007, Grant was fired from the Georgetown County Sheriff's
Office because he became intoxicated while at the Criminal
Justice Academy. He drank a beer and had "two shots" while
watching football. He claims he passed out (doc. 3-5). He was
subsequently rehired. . . .

**Ground Five**: Trial counsel rendered ineffective assistance in
violation of Petitioner's Sixth Amendment right to the effective
assistance of counsel when he failed to object to the use of
Petitioner's prior convictions, for the same charge for which he
was standing trial, for impeachment purposes.

Supporting facts: Trial counsel elicited highly improper and
unduly prejudicial evidence regarding petitioner's prior
convictions during his direct examination of him. He elicited the
fact that petitioner has been convicted of selling drugs "about
two times" (app. 196). He also elicited the fact that petitioner
went to prison, and was on probation for his second charge.
Trial counsel's performance was substandard, and petitioner
was prejudiced. . . .

**Ground Six**: Petitioner was denied the effective assistance of
counsel in violation of the Sixth Amendment as a result of the
overwhelming cumulative prejudicial effect of each of the
enumerated errors committed by trial counsel that also
effectively denied Petitioner his fundamental rights of due
process and a fair and public trial.

Supporting facts: Petitioner argues that the preceding errors
individually provide bases upon which to grant habeas relief
but, alternatively, he is entitled to relief based on the cumulative
effect of these failures. There is a circuit split on this issue and,

> to date, the Fourth Circuit has insisted that ineffective
> assistance of counsel claims must be viewed individually rather
> than collectively. . . .

(Doc. 1, pp. 5-9; doc. 3, pp. 9-26).

On May 2, 2016, the respondent filed a motion for summary judgment and the return (docs. 16, 17).  The petitioner filed a response on May 18, 2016 (doc. 18), and on May 31, 2016, the respondent filed a reply (doc. 20).

## **APPLICABLE LAW AND ANALYSIS**

### *Statute of Limitations*

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Accordingly, the provisions of the AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).  The respondent first argues[2] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[3]  However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).   State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

---

[2]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[3]The statute provides other possible start dates for the one-year time period that are not relevant here.  *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

The petitioner was convicted by a jury and sentenced on September 22, 2010, and the South Carolina Court of Appeals affirmed the petitioner's conviction and sentence on April 25, 2012. The petitioner's state court convictions became final fifteen days later on May 10, 2012, as the petitioner did not file a petition for rehearing or petition the South Carolina Supreme Court for certiorari. *See* Rule 221, SCACR (petition for rehearing must be made within fifteen days after judgment of appellate court). Therefore, he was not entitled to the 90 days to petition the United States Supreme court for certiorari. *See* U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within 90 days of the judgment being appealed); *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires.") (quoting 28 U.S.C. § 2244(d)(1)(A))). Accordingly, the AEDPA statute of limitations began to run on May 11, 2012.

The petitioner filed his first PCR application on July 11, 2012, thereby tolling the federal statute of limitations. Therefore, 61 days of untolled time lapsed between the petitioner's conviction becoming final and the filing of the PCR application. The statute remained tolled until, at the very latest, January 5, 2015, the date the remittitur was filed in the circuit court (doc. 23-1), after the South Carolina Supreme Court's December 10, 2014, order denying the petition for writ of certiorari (doc. 17-8). *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations is tolled until that time).[4] Accordingly, at the very

---

[4] "There remains a dispute among the District of South Carolina opinions concerning whether (1) the decision date, (2) the remittitur date, or (3) the date of receipt of the remittitur controls for purposes of calculating the statute of limitations." *Jumper v. Warden of Broad River Corr. Inst.*, C.A. No. 1:15-4848-JFA-SVH, 2016 WL 2893988, at *6 n. 4 (D.S.C. Apr. 25, 2016) (citing cases), *R&R adopted by* 2016 WL 2866306 (D.S.C. May 17, 2016).

latest, the statute of limitations began to run again on January 6, 2015, the day after the remittitur was filed.  The statute of limitations expired 304 days later on November 5, 2015. The petitioner filed his Section 2254 petition through counsel on December 9, 2015, over a month after the statute of limitations expired.

The petitioner filed a second PCR application on April 4, 2014 (doc. 17-10). However, this application did not toll the statute of limitations for the instant federal petition because the PCR court dismissed it as untimely and successive, and, therefore, it was not "properly filed" and does not qualify for tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of 28 U.S.C. § 2244(d) (2) and therefore does not entitle the petitioner to statutory tolling).  *See also Allen v. Siebert*, 552 U.S. 3, 7 (2007) ("We therefore reiterate now what we held in *Pace*: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (quoting *Pace*, 544 U.S. at 414).

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must

present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

   In his response to the motion for summary judgment, the petitioner argues that he is entitled to equitable tolling because he had to wait until April 15, 2015, to receive materials regarding his alleged *Brady*[5] claim from the Georgetown County Sheriff's Office (doc. 18, pp. 28-29). In Ground Four of his federal petition, the petitioner alleges the State violated *Brady* by not turning over matters that were in Deputy Grant's personnel file from the Georgetown County Sheriff's Office. The petitioner alleges these matters could have been used to impeach Grant. The matters in the file are as follows:

> 1. Grant was fired from the Georgetown County Sheriff's Office in 2007 after testing positive for alcohol while at the Criminal Justice Academy (doc. 3-5). He was eventually rehired.

> 2. In October 2009, Grant received a written reprimand for allowing another officer, who had not been properly driver trained, to use his police vehicle that Grant had been properly trained to use (doc. 3-8);

> 3. Grant received a written reprimand in March 2009 for not providing medical assistance to a woman who had been drinking but claimed to have been raped, when she indicated she did not want to press charges and only wanted Grant to give her a ride home (doc. 3-7);

> 4. Grant was placed on leave with pay on May 24, 2010, while a criminal charge was pending, but the charge was ultimately dismissed. Grant was reinstated to full duty on July 9, 2010, due to disposition of the court case, which was before the petitioner's trial took place in September 2010. There is no indication in the file Deputy Grant was convicted of any criminal charge (doc. 3-9).

---

[5]In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

"The *Brady* disclosure rule requires the prosecution to provide the defendant with any evidence in the prosecution's possession that may be favorable to the accused and material to guilt or punishment." *State v. Anderson*, 754 S.E.2d 905, 909 (S.C. Ct. App .2014) (citing *Hyman v. State*, 723 S.E.2d 375, 380 (S..C. 2012)). "[A]n individual asserting a *Brady* violation must demonstrate the evidence was (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) suppressed by the State; and (4) material to the accused's guilt or innocence, or was impeaching." *Id*. (citing *Kyles v. Whitley*, 514 U.S. 419, 419 (1995)).

The respondent argues that none of this information was admissible as impeachment against Deputy Grant.  The undersigned agrees.  At trial, the petitioner's attorney asked Deputy Grant during cross-examination about his change of title and position since the petitioner's arrest.  Grant testified that he "came off the drug team" at the Sheriff's Office due to his mother's health.  Grant testified that the hours of his new position were more convenient for taking his mother to doctor's appointments (app. 76-77).   The petitioner's attorney also asked Deputy Grant whether he got in trouble and was demoted, to which Deputy Grant responded that he had not (app. 77-78).  As argued by the respondent, the evidence referenced above is not admissible impeachment evidence and does not impeach Deputy Grant's testimony that he moved to a different job at the Sheriff's Office because of the health of his mother. *See* Rule 608(b), SCRE (a witness may be impeached regarding specific instances of conduct if probative of truthfulness or untruthfulness). *See also State v. Burgess*, 759 S.E.2d 407, 418 (S.C. 2014) (Court of Appeals correctly ruled trial judge did not err in prohibiting defense counsel from cross-examining officer about his disciplinary record) (citing *Baldez v. State*, 386 S.W.3d 324, 328-29 (Tex. Ct. App. 2012) (holding that no *Brady* violation existed where prosecution had no duty to turn over evidence of officer's prior disciplinary proceeding as it was not admissible as impeachment evidence)) ; *State v. Quattlebaum*, 527 S.E.2d 105, 109 (S.C.

14

2000) ("Under Rule 608(b), SCRE, specific instances of a witness's misconduct may be inquired into on cross-examination if probative of the witness's character for truthfulness or untruthfulness.") (citation omitted); *State v. Grace*, 564 S.E.2d 331, 335 (S.C. Ct. App. 2002) ("Evidence of specific bad conduct must go to the witness's credibility.") (citation omitted). *See also generally State v. Jarrell*, 564 S.E.2d 362, 372 (S.C. Ct. App. 2002) (witness cannot be impeached under Rule 609, SCRE since uncharged offense or pending investigation is not probative of truthfulness, and, therefore State was not required to disclose information to the defense); *State v. Joseph*, 491 S.E.2d 275, 278 (S.C. Ct. App. 1997) (witness may not be impeached with offense referred to pretrial intervention under Rule 609 since it is not a conviction).

Furthermore, at trial, Deputy Grant testified that he did not witness the drug sales by the petitioner; he only searched the CI and recovered the drugs. He admitted the CI could have bought the drugs from someone else, and he admitted that the drugs shown to him at trial looked different than the drugs he initially retrieved from the informant (app. 63-75, 78-79, 83). Accordingly, the issue at trial was the credibility of the CI, not Deputy Grant's credibility. There is no reasonable probability of a different result. *State v. Thompson*, 281 S.E.2d 216, 220 (S.C. 1981) (failure to disclose alleged *Brady* material is reversible error only when its omission deprives a defendant of a fair trial (citing *State v. Penland*, 273 S.E.2d 765, 766 (S.C. 1981)); *State v. Ferguson*, 388 S.E.2d 642, 644 (S.C. 1990) (the exclusion of impeaching evidence is not prejudicial where it has no meaningful impact on a witness' credibility).

Moreover, the petitioner did not file his federal habeas petition until December 9, 2015, almost eight months after receiving the documents from Deputy Grant's personnel file from the Georgetown County Sheriff's Office and well after the expiration of the AEDPA one year statute of limitations. Accordingly, the petitioner cannot show that he has been pursuing his rights diligently.

The petitioner further argues he had to wait until May 5, 2016, to receive documents from Richland County in response to his Freedom of Information Act ("FOIA") request (doc. 18, p. 29). These documents are irrelevant as what is contained in these documents – Richland County Sheriff's Department Internal Affairs investigation of Deputy Grant in May 2014 – occurred long after the petitioner's trial (see doc. 18-2, pp. 2-5). Further, the petitioner filed his federal habeas petition alleging the *Brady* claim without these documents.

There is no basis in the record for equitable tolling between the end of the petitioner's PCR appeal and his filing for habeas corpus relief. The petitioner has not asserted any facts sufficient to justify the lateness of this filing in his petition or in his response in opposition to the motion for summary judgment (*see generally* doc. 1; doc. 18, pp. 24-27).

The petitioner argues "that he is entitled to pass through the innocence gateway" because no jury would had convicted him had they known about Deputy Grant's "problems as a police officer" (doc. 18, pp. 27-28). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Here, even if the above-cited evidence from Deputy Grant's personnel file from the Georgetown County Sheriff's Office had been available to the petitioner and admissible at trial, he has not shown that it is more likely than not that no reasonable jury would have convicted him in light of such evidence. At trial, in addition to the testimony of Officer Grant, the State presented the testimony of the CI who purchased drugs from the petitioner and audio recordings of the transactions. Furthermore, the CI had known the petitioner for approximately ten years. Clearly, the petitioner cannot establish actual innocence on this record, and the petition should be dismissed as untimely.

Based upon the foregoing, the petition is untimely under the one-year statutory deadline set forth in the AEDPA, and the respondent's motion for summary judgment on this basis should be granted.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 16) be granted and the petitioner's Section 2254 petition be dismissed.

s/Kevin F. McDonald
United States Magistrate Judge

September 28, 2016
Greenville, South Carolina

17

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).