IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quentin J. Holt, | ) | |
| | ) | Civil Action No. 6:15-4865-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling and Leroy Cartledge, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Quentin J. Holt ("Holt"), a state prisoner represented by counsel, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Respondent's motion for summary judgment (ECF No. 16) and dismiss Holt's petition (ECF No. 24). The parties were advised of their right to file objections to the Report. (ECF No. 24 at 18). Holt filed timely objections (ECF No. 28), and Respondents have responded to those objections (ECF No. 32). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I. Background/Procedural History

The magistrate judge sets forth the background and procedural history in detail in his Report. (Report at 1-7). Briefly, on June 17 and 20, 2009, a confidential informant working with Georgetown Deputy Sheriff Reginald Grant bought crack cocaine from Holt. The controlled buys were audio recorded and the confidential informant was searched before and after the buys, and given the money to purchase the drugs. Deputy Grant and the confidential informant testified at trial.

After a jury trial on September 20-22, 2010, Holt was convicted of two counts of distribution of cocaine, third offense. He was sentenced to 25 years imprisonment and fined $50,000. Holt filed a direct appeal and the South Carolina Court of Appeals affirmed Holt's conviction and sentence on April 25, 2012. The remittitur was issued on May 15, 2012. Holt then filed an application for post-conviction relief ("PCR") on July 11, 2012. After a hearing, the PCR court denied Holt relief on February 21, 2104. On September 8, 2014, Holt filed an appeal of the denial of his PCR application. On December 10, 2014, the South Carolina Supreme Court denied Holt's petition for a writ of certiorari. The remittur was issued December 30, 2014. Holt filed a second application for PCR on April 4, 2014. On April 8, 2015, the PCR court denied the application finding it successive and barred by the statute of limitations. A final order of dismissal was filed June 25, 2015. Holt filed this habeas petition on December 9, 2015, raising six grounds for relief.

## II. Discussion

In his Report, the magistrate judge determined that the petition was untimely by at least a month and declined to address the issues on the merits. (Report at 10 n.2, 12). The magistrate

judge also determined that Holt was not entitled to the application of equitable tolling. (Report at 12-17). In addressing the equitable tolling issue, the magistrate judge addressed Holt's argument that he was entitled to equitable tolling because he did not receive materials relating to an alleged *Brady/Giglio*[1] violation until April 15, 2015. Specifically, Holt alleges that the prosecution violated his rights by failing to disclose Deputy Grant's personnel file.

Holt sets forth three specific objections to the Report: 1) the magistrate judge erred in finding this habeas action is time barred and equitable tolling does not apply; 2) the magistrate judge erred in finding that evidence related to Deputy Grant's credibility would not have been admissible at trial; and 3) the magistrate judge erred in failing to address Holt's other claims despite finding the petition time-barred. Respondents have filed a response to Holt's objections.[2]

As to his first objection, Holt alleges the magistrate judge erred in determining he is not entitled to equitable tolling "to forgive a mere one-month and four-day delay" when he has been

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding the government has an obligation to disclose excuplatory evidence material either to guilt or to punishment); *Giglio v. United States*, 405 U.S. 150, 154 (1972) (holding criminal defendants have a due process right to be informed of evidence affecting a government witness's credibility).

[2] The court notes that Respondents have filed a 54-page response that appears to be a re-filing of a slightly amended version of the memorandum supporting their summary judgment motion. The response does not specifically address Holt's objections. Instead, Respondents are merely repeating their arguments made in support of his summary judgment motion. To allow a party to simply defer to its original arguments as if the magistrate judge had said nothing adds an unnecessary layer of review and does not narrow and focus the issues as was intended by the Federal Magistrates' Act, 28 U.S.C. § 636. *See Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991) (stating that where a party files a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless," and results in a "duplication of time and effort [that] wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."). While this reasoning is usually directed at objections, the court believes it applies equally to responses to objections. The instant response is simply not helpful and not responsive to Holt's specific objections.

diligently pursuing his rights. (Objections at 2, 3).[3] Specifically, Holt alleges the magistrate judge mischaracterizes the issue by stating that Holt did not file this habeas petition until eight months after receiving the personnel file regarding Deputy Grant. *Id.* He argues he has been diligently pursuing his rights. *Id.* Holt states that courts are empowered to equitably toll the statute of limitations for habeas petitions, and he cites to several cases where the court has done so. (Objections at 3). Finally, Holt contends that he is actually innocent and thus entitled to equitable tolling. *Id*.

In cases subject to the AEDPA, the Fourth Circuit has underscored that there are very limited circumstances where equitable tolling will be permitted. The Fourth Circuit has held that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period.

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it

---

[3] The statute of limitations for federal habeas claims is governed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2244(d)(1)(A),(d)(2). The statute provides that a petitioner must file his federal habeas claim within one year following the conclusion of direct review, or expiration of the time allowed to seek direct review. 28 U.S.C. § 2244(d)(1)(A). The statute also states that the time during which a state PCR proceeding is pending shall not be counted. 28 U.S.C. § 2244(d)(2). Thus, if a petitioner seeks state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Holt does not object to the magistrate judge's determination that his petition was not timely filed. Rather, he contends that he is entitled to equitable tolling.

> would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). *See Bogan v. South Carolina*, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible.").

As noted above, Holt states that courts are empowered to equitably toll the statute of limitations for habeas petitions, and he cites to several cases where the court has done so. (Objections at 3). Holt further he has been diligently pursuing his rights. *Id.*

The court agrees with Holt that courts have the power to equitably toll the statute of limitations. However, the circumstances of this case simply do not warrant the application of equitable tolling. None of the cases cited by Holt are from the Fourth Circuit. Moreover, none are directly analogous to the instant situation and all pre-date the Fourth Circuit Court of Appeals' decisions in *Rouse* and *Harris,* which espouse the Court's view that equitable tolling should be strictly limited to extraordinary circumstances. Moreover, while Holt contends that he has been diligent in pursuing his rights, he does not state any reason, let alone one beyond his control, as to why he filed this habeas petition late. Instead, he argues he has been diligent in pursuing his rights because he insisted on a trial, filed a direct appeal, filed for PCR, filed an appeal after the denial of his PCR application, filed a second PCR application, retained counsel to perfect his federal habeas petition, and filed an action to obtain documents from the Sheriff's Department. (Objections at 2-3). However, as the magistrate judge pointed out, Holt had all the information he needed to file this habeas petition on April 15, 2015, and yet did not file this

5

action until eight months later on December 9, 2015, after the statute of limitations had run in November 2015.

Holt also states that the petition is "a mere one-month and four-days" late. (Objections at 2). To the extent Holt is arguing that the length of the delay in this case by itself warrants equitable tolling, the court disagrees. "If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.. . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late - even by one day." *United States v. Locke*, 471 U.S. 84, 100-01 (1985).

Holt also argues that he is entitled to equitable tolling because he alleges he is actually innocent. (Objections at 3). A federal habeas petitioner may overcome the expiration of the AEDPA statute of limitations by making a showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928-35 (2013).[4] When an otherwise time-barred habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error," the court may consider the petition on the merits. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Under *Schlup*, a petitioner may overcome a procedural default or expiration of the statute of limitations by (1) producing "new reliable evidence [of innocence] - whether it be exculpatory

---

[4] In order for Holt to establish the existence of a miscarriage of justice sufficient to overcome the AEDPA's time bar, he must meet the "actual innocence" gateway established in *Schlup v. Delo,* 513 U.S. 298 (1995).

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial," *Schlup*, 513 U.S. at 324, and (2) showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. The *Schlup* standard permits review only in the "extraordinary" case. *Id.* at 324.

The Supreme Court, however, has cautioned that "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 133 S.Ct. at 1928. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*citing Schlup*, 513 U.S. at 329); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is demanding and seldom met).

To demonstrate actual innocence, a petitioner must identify "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. That evidence must demonstrate the " 'conviction of one who is actually innocent.' " *Id.* at 327 (*quoting Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Thus, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* Moreover, a petitioner must show factual innocence and not merely legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Finally, new reliable evidence of innocence is a "rarity," *Calderon v. Thompson*, 523 U.S. 538, 559 (1998), and the quality of evidence necessary to support a claim of actual innocence "is obviously unavailable in the vast majority of cases," *Schlup*, 513 U.S. at 324.. Holt's claim of actual innocence does not

7

even approach the standard necessary to overcome the statute of limitations bar, as described in *McQuiggin* and *Schlup*.

Holt contends the case against him was "extraordinarily weak." (Objections at 4). He argues that the "entire case against [him] rests on the testimony of Joe Nathan Lewis," the confidential informant who purchased the drugs from Holt. (Objections at 4). Holt, however, relies on the alleged impeachment evidence of Deputy Grant to support his actual innocence claim.[5] Moreover, the substance of the impeachment evidence as to Deputy Grant far from exonerates Holt and is hardly "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *McQuiggin,* 133 S.Ct. at 1936 (*quoting Schlup*, 513 U.S. at 316). At most, any impeachment evidence would have called into question Deputy Grant's credibility as a witness at trial, and it is well-established that impeachment evidence is inadequate to establish actual innocence. *See Munchinski v. Wilson*, 694 F.3d 308, 338 (3d Cir.2012) (impeachment evidence generally not sufficient to satisfy an actual innocence claim based on newly discovered evidence (*citing Schlup*, 513 U.S. at 324)); *Hussmann v. Vaughn*, 67 F. App'x 667, 668-69 (3d Cir. 2003) (actual innocence not established where two new affidavits would merely impeach credibility of Commonwealth witness). *See also Sawyer v. Whitley*, 505 U.S. 333, 349, (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of the [witness's] account."). Moreover, the court agrees with the magistrate

---

[5] Holt states that the Georgetown Sheriff's Office refuses to release any information about the confidential informant. Holt appears to be arguing about information relating to other drug buys that the confidential informant has performed for the Sheriff's Office, and not the confidential informant's criminal record which was disclosed to the defense and brought out at trial. (ECF No. 17-1 at 96-98, 123-24, 125).

judge that Grant's personnel file was not impeachment evidence subject to disclosure pursuant to *Giglio* because the incidents in the file do not go to Grant's credibility.[6] And even if they did, as noted above Holt himself states in his objections (Objections at 4) that the entire trial rested on the confidential informant's testimony. Holt has not pointed to the existence of any evidence of actual innocence of the type sufficient to entitle him to equitable tolling of the statute of limitations.

In his second objection, Holt contends that the magistrate judge erred when he found that the evidence related to Deputy Grant's credibility would not have been admissible at trial and failed to consider that the omission of this evidence rendered the trial fundamentally unfair. (Objections at 10). First, there is no fundamentally unfair exception to a habeas petition barred by the statute of limitations. Accordingly, Holt's argument that the non-disclosure of alleged *Brady/Giglio* material rendered his trial fundamentally unfair is immaterial except to the extent

---

[6]The matters in Grants's personnel file are as follows:

1. In January 2007, Grant was fired from the Georgetown County Sheriff's Office after he was found to be have alcohol in his system while he was performing his duties at the Criminal Justice Academy. Grant admitted he had been drinking. He was eventually rehired.

2. In March 2009, Grant received a written reprimand for not providing medical assistance to a woman who had been drinking but claimed to have been raped. She indicated she did not want to press charges and only wanted a ride home.

3.In October 2009, Grant received a written reprimand for giving another officer permission to drive his police vehicle. Grant knew that the other officer had not been though special driver training required to operate the vehicle.

4. In May 2010, Grant was placed on leave with pay pending the adjudication of an unspecified criminal charge. Due to the disposition of the case, Grant was reinstated to full duty on July 9, 2010.

(ECF No.3-7 though 9).

that he alleges he is actually innocent and thus entitled to relief from the statute of limitations pursuant to *McQuiggin*, 133 S.Ct. at 1928-35.

Additionally, as discussed above, Holt cannot establish actual innocence based on the alleged *Brady/Giglio* violation.  As noted above Deputy Grant's personnel file was not impeachment evidence subject to disclosure pursuant to *Giglio* because the incidents in the file do not go to Grant's credibility.  And even if they did, as Holt himself states in his objections (Objections at 4), the entire trial rested on the confidential informant's testimony. *United States v. Bagley*, 473 U.S. 667, 682 (1985) (holding that evidence is material only if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."). Accordingly, Holt has not shown his actual innocence or that the outcome would have been different if the prosecution had disclosed the alleged *Brady/Giglio* evidence about Deputy Grant.

As to Holt's third objection, the court finds the magistrate judge did not err in failing to address the merits of Holt's grounds for relief. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Alley v. Janecka*, 143 Fed.Appx. 914, 917 n.2 (10th Cir. 2005).  A merits decision is unnecessary where a district court denies a habeas petition on statute-of-limitations grounds. *See Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir. 2007).  Because Holt's habeas application was untimely, the magistrate judge did not err in declining to address the merits of Holt's substantive claims.

### III. Conclusion

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit and adopts the Report. Accordingly, Respondent's motion for summary judgment (ECF No. 16) is **GRANTED**, and Petitioner's petition is **DISMISSED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

March 24, 2017
Anderson, South Carolina